IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MOSTAFA AHMED AWWAD, §
Reg. No. 85103-083, §
    Petitioner, §
§
v. § EP-17-CV-213-DCG
§
SCOTT WILLIS, Warden, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Mostafa Ahmed Awwad, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] "challeng[es] his detention" through a *pro se* "Petition for Section 2241 Habeas Corpus Pursuant to Denial of Access to the Courts [and] Subsection ... 2255(2)."[2] Awwad claims the Bureau of Prisons is "frustrating [him] from pursuing his appeal [by] confiscating his legal papers."[3] After reviewing the record and for reasons discussed below, the Court will, on its own motion, dismiss Awwad's petition because "it appears from the application that the applicant ... is not entitled" to relief.[4]

## BACKGROUND AND PROCEDURAL HISTORY

According to court records in case number 2:14-CR-163-RBS in the United States District Court for the Eastern District of Virginia, Mostafa Ahmed Awwad moved from Egypt to the

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial boundaries of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. 11, 12, July 7, 2017.

[3] *Id.* at 11.

[4] 28 U.S.C. § 2243 (2012).

United States in 2007, and became a naturalized citizen in 2012. He received an engineering degree from Old Dominion University in 2013, and secured a civilian job with the United States Navy as a general engineer in the Nuclear Engineering and Planning Department at the Norfolk Naval Shipyard in Portsmouth, Virginia, in early 2014.

On September 18, 2014, Awwad was contacted by an Arabic-speaking undercover agent with the Federal Bureau of Investigation posing as an intelligence officer for the Government of Egypt ("GOE"). Without seeking additional information, Awwad agreed to meet with the agent the following day at a park in Hampton, Virginia. During the meeting recorded surreptitiously by the agent, Awwad claimed he was willing to use his position with the Navy to transfer military technology to the GOE. Over the course of several months in the fall of 2014, Awwad attempted to provide the agent with schematic designs for the USS Ford, the first in a class of new and advanced aircraft carriers built for the Navy. Awwad's stated goals in providing the information were to enable the GOE to construct a carrier by copying the Ford's design or to identify and exploit relative weaknesses in the Ford's design in order to sink it. Awwad also offered to attach tracking devices to U.S. submarines in the Norfolk Naval Shipyard so they could be followed when they returned to sea.

Awwad was charged in a two-count indictment with attempting to export defense articles and technical data.[5] Awwad elected to forgo trial and pleaded guilty, pursuant to a plea agreement, to an information charging him with attempted espionage, in violation of 18 U.S.C. §

---

[5] Indictment, Dec. 3, 2014, ECF No. 3. "ECF No." refers to the Electronic Case Filing number for documents docketed in *United States v. Awwad*, 2:14-CR-163-RBS (E.D. Va.). Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court uses the latter page numbers.

794(a).[6] As part of the plea agreement, Awwad waived his right to appeal his conviction or sentence:

> [T]he defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.[7]

In exchange, the United States of America ("the Government") agreed it would move to dismiss the indictment and it would not seek a death sentence.[8] The Government further agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of 96 to 132 months' imprisonment was an appropriate disposition of Awwad's case.[9]

The Court accepted Awwad's plea and sentenced him to 132 months' imprisonment followed by five years' supervised release.[10]

Awwad did not appeal the conviction or sentence. He filed a *pro se* "Initial Application for Writs in the Nature of Quo Warranto and Habeas Corpus" asking the Court to provide credentials and proof of the Judge's ability to legally serve as a United States District Judge.[11] In the same pleading, he also requested that the prosecutor, the Clerk of Court, and the United States

---

[6] Plea Agreement 1, June 15, 2015, ECF No 34.

[7] *Id.* at 4.

[8] *Id.* at 1, 5.

[9] *Id.* at 3.

[10] J. Crim. Case, Oct. 19, 2015, ECF No. 49.

[11] Writ of Quo Warranto 14, Aug. 2, 2016, ECF No. 52.

Magistrate Judge provide proof of their legal authority.[12] The Court dismissed the petition, explaining Awwad did "not have standing to obtain a *writ of quo warranto*, and even when construed liberally given his *pro se* status, [his] Motion fail[ed] to assert any plausible, coherent, or articulable claim for relief pursuant to 28 U.S.C. § 2255."[13] Awwad appealed this order,[14] but the Fourth Circuit Court of Appeals later granted Awwad's motion for a voluntary dismissal of his appeal.[15]

Awwad filed a *pro se* "Final Notice and Demand for Proof of Appointment and Designation."[16] The court construed this filing as a motion for specific performance, and denied it as "nonsensical and frivolous."[17]

Awwad then filed a *pro se* "Amended Application for Writs in the Nature of Quo Warranto and Habeas Corpus,"[18] with an accompanying affidavit.[19] He also filed a *pro se* "Affidavit of Bias,"[20] as well as a *pro se* "Petition for Writ of Mandamus Compelling Unsealing of Court

---

[12] *Id.*

[13] Order, Aug. 12, 2016, ECF No. 53 (citing *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545 (1915)).

[14] Notice of Appeal, Aug. 29, 2016, ECF No. 54.

[15] Order, Oct. 31, 2016, ECF No. 72; Rule 42(b) Mandate, Oct. 31, 2016, ECF No. 73.

[16] Mot. for Specific Performance, Aug. 29, 2016, ECF No. 58.

[17] Order, Aug. 31, 2016, ECF No. 60.

[18] Am. Writ of Quo Warranto, Oct. 11, 2016, ECF No. 63.

[19] Aff., Oct. 11, 2016, ECP No. 64.

[20] Aff. of Bias, Oct. 14, 2016, ECF No. 66.

Records" addressed to the Fourth Circuit Court of Appeals.[21] The Court denied the Awwad's "Amended Application."[22]

Awwad next filed a *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence."[23] In his motion, Awwad raised six grounds for relief. First, he argued that because the United States lacked standing to prosecute him, "the court was without jurisdiction to render judgment."[24] Second, he challenged the indictment and criminal information as "flawed" and "invalid."[25] Third, he alleged a "misapplication of the statute" of conviction.[26] Fourth, he asserted the defense of duress regarding his conviction.[27] Fifth, he alleged judicial misconduct.[28] Finally, he claimed his counsel rendered ineffective assistance, specifically citing "cultural and/or racial bias of counsel leading to not knowingly, intelligently, and voluntarily entering a plea agreement."[29]

The Court found grounds one through five were subject to dismissal for procedural default,

---

[21] Pet. for Writ of Mandamus, Oct. 14, 2016, ECF No. 67.

[22] Order, Oct. 18, 2016, ECF No. 71.

[23] Mot. to Vacate, Oct. 31, 2016, ECF No. 75.

[24] *Id* at 4.

[25] *Id* at 5.

[26] *Id* at 6.

[27] *Id* at 7–8.

[28] *Id* at 9.

[29] *Id* at 10.

as Awwad could have raised them in a direct appeal.[30] With regard to ground six, the Court found Awwad had done nothing to undermine the Court's confidence in his counsel's representation, and failed to show his counsel's performance was deficient.[31] The Court accordingly denied the motion.

Awwad filed a *pro se* petition for a certificate of appealability, which the Court transmitted to the Fourth Circuit.[32] The Fourth Circuit dismissed Awwad's petition because he failed to make the requisite showing:[33]

> Before KING, AGEE, and Wynn, Circuit Judges.
>
> ....
>
> ... A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.
>
> We have independently reviewed the record and conclude that Awwad has not made the requisite showing. Accordingly, we deny the pending motion for a certificate of appealability ...[34]

---

[30] Mem. Final Order 5–11, Dec. 30, 2015, ECF No. 87.

[31] *Id.* at 11–13.

[32] Notice of Appeal, Jan. 17, 2017, ECF No. 89.

[33] Opinion, May 26, 2017, ECF No. 96.

[34] *Id.* at 2.

Notably, the Fourth Circuit did not rule on the merits of Awwad's § 2255 claims. The Fourth Circuit subsequently stayed the mandate after Awwad filed a petition for rehearing en banc,[35] but ultimately denied the petition for rehearing when none of the judges expressed an interest in hearing the case.[36]

In his § 2241 motion, Awwad asserts the Bureau of Prisons has frustrated him from pursuing his appeal and denied him access to the courts.[37] He also claims he is "challenging his detention ... using the 'savings clause' otherwise designated as [28 U.S.C.] Section 2255(e)."[38]

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[39] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[40] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[41]

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255

---

[35] Stay of Mandate, June 6, 2017, ECF No. 98.

[36] Order, July 31, 2017, ECF No. 99.

[37] Pet'r's Pet. 11.

[38] *Id.* at 12.

[39] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[40] 28 U.S.C. § 2241(c) (2012).

[41] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

"'provides the primary means of collateral attack on a federal sentence.'"[42] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[43] A § 2255 movant may only bring his motion in the district of conviction and sentence.[44]

Section 2255 does contain a "savings clause" in subsection (e) which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[45] However, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §

---

[42] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[43] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[44] *Pack*, 218 F.3d at 452.

[45] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

2255 motion.[46]

A petitioner must prove both prongs to successfully invoke the "savings clause."[47] Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate.[48]

Finally, "[a] court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[49]

With these principles in mind, the Court turns to Awwad's claims.

## ANALYSIS

### A. Access to the Courts

In his § 2241 motion, Awwad asserts prison personnel frustrated him from pursuing an appeal of his § 2255 motion and denied him access to the courts.[50] He maintains these personnel interfered with his mail and legal papers, and delayed his application for a certificate of appealability:

> On May 26, 2017, Petitioner through an outside source, checked the docket of the Fourth Circuit Court of Appeals in Norfolk, Virginia

---

[46] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[47] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[48] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[49] 28 U.S.C. § 2243 (2012).

[50] Pet'r's Pet. 11.

and found that the Court had denied his application for a Certificate of Appealability (COA). Petitioner Mostafa Ahmed Awwad proceeded to file a Petition to 'Recall the Mandate' the Court was about to issue. The completed Petition ... was handed to the BOP on Wednesday, the 31st of May, 2017. The tracking documents ... demonstrate[ ] the Petition was either forwarded somewhere else or there was an incorrect zip code. SIS officers ..., in the absence of Mostafa Ahmed Awwad walk[ed] into his cell and disrupt[ed] his legal papers as well as announcing in front of colleagues that "the fun hasn't started yet." Both of these reasons do not implicate any actions by Mostafa Ahmed Awwad. On the heels of discovering this, Mostaf[a] Ahmed Awwad was informed he was on his way to being transferred out of FCI La Tuna.[51]

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a [civil rights] complaint."[52] A Court will not grant a petition for § 2241 relief unless the petitioner is "in custody in violation of the Constitution or law or treaties of the United States."[53] The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose."[54] Indeed, "habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration."[55] Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action under 42 U.S.C. § 1983 or *Bivens*.[56]

---

[51] *Id.* at 13–14.

[52] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[53] 28 U.S.C. § 2241(c)(3) (2012).

[54] *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam).

[55] *Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir. 1969).

[56] *See* 42 U.S.C. § 1983 (2012) (creating a private right of action for redressing violations of

The distinction between a petition for habeas corpus and a civil rights action sometimes becomes blurred when an inmate attacks unconstitutional conditions of confinement that may affect the timing of his release from prison.[57] The Fifth Circuit has therefore adopted a bright-line rule: claims which would result in the inmate's immediate or accelerated release from prison must be pursued in a petition for writ of habeas corpus, while claims which would not automatically entitle the inmate to an immediate or earlier release from prison must be pursued as a civil rights complaint.[58]

In his petition, Awwad complains that prison employees denied him access to the courts.[59] He argues "the denial of equal protection through suppression of his appeal beyond the time within which appeal could be had, rendered the commitment constitutionally void."[60]

"[T]he right of access to the courts is an aspect of the First Amendment right to petition the

---

federal law by state officials acting under color of state law); *Inyo County v. Paiute-Shoshone Indians of the Bishop City.*, 538 U.S. 701, 708 (2003); *Ballad v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). As the Respondents are federal officials, acting under the color of federal law, Cobb's claims are properly brought as a *Bivens* action, rather than a suit under § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a right implied directly under the Constitution to recover damages against a federal official for a violation of a constitutional right); *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials.").

[57] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

[58] *Id.* at 821; *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

[59] Pet'r's Pet. 11.

[60] *Id.* at 15.

Government for redress of grievances."⁶¹ "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."⁶²

The record belies Awwad's assertion that the Bureau of Prisons is "frustrating [him] from pursuing his appeal [by] confiscating his legal papers."⁶³ The record establishes that Awwad waived his right to appeal his conviction or sentence in his plea agreement.⁶⁴ It also shows he filed a *pro se* "Initial Application for Writs in the Nature of Quo Warranto and Habeas Corpus."⁶⁵ When the Court denied this application, Awwad filed a *pro se* notice of appeal.⁶⁶ Awwad next filed a *pro se* "Final Notice and Demand for Proof of Appointment and Designation."⁶⁷ Awwad then filed a *pro se* "Amended Application for Writs in the Nature of Quo Warranto and Habeas Corpus,"⁶⁸ with an accompanying affidavit.⁶⁹ He also filed a *pro se* "Affidavit of Bias,"⁷⁰ as

---

⁶¹ *Driggers v. Cruz*, 740 F.3d 333, 336 (5th Cir. 2014).

⁶² *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

⁶³ Pet'r's Pet. 11.

⁶⁴ Plea Agreement 4, June 15, 2015, ECF No. 34.

⁶⁵ Writ of Quo Warranto, Aug. 2, 2016, ECF No. 52.

⁶⁶ Notice of Appeal, Aug. 29, 2016, ECF No. 54.

⁶⁷ Mot. for Specific Performance, Aug. 29, 2016, ECF No. 58.

⁶⁸ Am. Writ of Quo Warranto, Oct. 11, 2016, ECF No. 63.

⁶⁹ Aff., Oct. 11, 2016, ECP No. 64.

⁷⁰ Aff. of Bias, Oct. 14, 2016, ECF No. 66.

well as a *pro se* "Petition for Writ of Mandamus Compelling Unsealing of Court Records" addressed to the Fourth Circuit Court of Appeals.[71] Awwad next filed a *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence."[72] When the Court denied Awwad's motion, he filed a *pro se* petition for a certificate of appealability, which the Court transmitted to the Fourth Circuit.[73] Awwad clearly was not frustrated in pursuing his appeals.

With regard to Awwad's § 2241 petition, the Court notes an access-to-the-courts claim does not challenge the fact or duration of a prisoner's confinement.[74] A favorable determination on a claim will not automatically entitle a prisoner to an accelerated release from prison.[75] The Court accordingly finds that Awwad may not utilize § 2241 proceedings to obtain sentencing relief based on his access-to-the-courts claim. It will, therefore, deny Awwad's claim, pursuant to 28 U.S.C. § 2243, without prejudice to him pursuing it in a separate civil rights action.[76]

**B. Challenge to Detention**

Awwad also claims he is "challenging his detention ... using the 'savings clause' otherwise designated as [28 U.S.C.] Section 2255(e)."[77] He claims Fourth Circuit's order denying him a

---

[71] Pet. for Writ of Mandamus, Oct. 14, 2016, ECF No. 67.

[72] Mot. to Vacate, Oct. 31, 2016, ECF No. 75.

[73] Notice of Appeal, Jan. 17, 2017, ECF No. 89.

[74] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

[75] *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.").

[76] *Carson*, 112 F.3d at 820-21.

[77] Pet'r's Pet. 12.

certificate of appealability does not include a list the names of the judges, findings of fact and conclusions of law, or a grant of a certificate of appealability before the Court of Appeals rendered judgment.[78] He also argues the Fourth Circuit applied the wrong legal standard:

> [T]he District Court in Norfolk, Virginia, denied Awwad's application for a Certificate of Appealability and the Fourth Circuit inverted the statutory order of operations, by applying the wrong standard in denying Awwad's petition for Certificate of Appealability, in contravention of the controlling and unambiguous holding of the Supreme Court in *Buck v. Davis*, 137 S.Ct. 759 (2017) that clarifies the standard for COA.[79]

In *Buck*, the Supreme Court explained that at the certificate of appealability stage, a court of appeals should address only whether the district court's decision was debatable:

> The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." [*Miller–El*, 537 U.S.] at 327, 123 S.Ct. 1029. This threshold question should be decided without "full consideration of the factual or legal bases adduced in support of the claims." *Id.*, at 336, 123 S.Ct. 1029. "When a court of appeals sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." *Id.*, at 336–337, 123 S.Ct. 1029.[80]

As the Court explained above, Awwad may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255

---

[78] *Id.* at 16. *But see* Opinion, May 26, 2017, ECF No. 96.

[79] Pet'r's Pet. 17-18.

[80] *Buck*, 137 S. Ct. at 773.

"savings clause."[81] He "must establish that his claim (1) is based on a retroactively applicable Supreme Court decision which establishes that he might have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion."[82]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[83] Awwad's claim challenging the legal standard applied by the Fourth Circuit in reviewing his § 2255 motion fails to satisfy the first prong. He has not alleged or shown that he "*was convicted of a nonexistent offense*," and his claim "has no effect on whether the facts of his case would support his conviction for the substantive offense."[84]

Further, *Buck*, decided on February 22, 2017, did not announce a new rule made retroactively applicable to cases on collateral review. The Supreme Court relied on and cited extensively its 2003 opinion in *Miller-El* in *Buck*.[85] *Miller-El* made it clear that "a COA ruling is not the occasion for a ruling on the merit of petitioner's claim."[86]

Finally, the Court finds the Fourth Circuit applied the correct legal standard when it denied

---

[81] *Kinder*, 222 F.3d at 212.

[82] *Strother v. Blackmon*, No. 16-60539, 2017 WL 2870993, at *1 (5th Cir. July 5, 2017).

[83] *Reyes-Requena*, 243 F.3d at 903.

[84] *Padilla*, 416 F.3d at 427 (emphasis added).

[85] *Buck*, 137 S. Ct. at 773 (citing *Miller–El*, 537 U.S. at 327, 336–37).

[86] *Miller-El*, 537 at 331.

Awwad a certificate of appealability.[87]

The Court concludes, therefore, that Awwad's claim does not meet the stringent requirements of the § 2255(e) "savings clause." The Court will not allow Awwad to proceed under § 2241.

## CONCLUSION AND ORDERS

As stated above, 28 U.S.C. §§ 2241 and 2255 do not provide authority for the Court to address Awwad's claims. The Court will, therefore, dismiss his § 2241 petition as frivolous, and, to the extent his petition may be construed as a § 2255 motion, the Court will dismiss his motion for lack of jurisdiction.[88] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Mostafa Ahmed Awwad's *pro se* "Petition for Section 2241 Habeas Corpus Pursuant to Denial of Access to the Courts [and] Subsection ... 2255(2)" is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT.**

**IT IS ALSO ORDERED** that to the extent Petitioner Mostafa Ahmed Awwad's § 2241 petition is construed as a successive § 2255 motion, he is denied a **CERTIFICATE OF APPEALABILITY.**[89]

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

---

[87] Opinion, May 26, 2017, ECF No. 96.

[88] *Ojo*, 106 F.3d at 683.

[89] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

**SO ORDERED.**

**SIGNED** this \_\_\_8th\_\_\_ day of August, 2017.

                                               *[signature]*
                                               **DAVID C. GUADERRAMA**
                                               **UNITED STATES DISTRICT JUDGE**